```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**LAWRENCE SHEEDY, #338203**

        **Petitioner,**

**v.**                                                       **2:05CV592**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Factual Background

On September 30, 2004, in the Circuit Court of Campbell County, Virginia, petitioner was convicted of aggravated sexual battery and was sentenced to serve four years imprisonment. Petitioner did not appeal his conviction. On August 31, 2005, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which is pending.

On September 27, 2005, petitioner filed a petition for writ of habeas corpus in federal court. On November 9, 2005, respondent filed a "Motion to Transfer Case and/or to Dismiss." Respondent argues that petitioner has failed to exhaust his state court remedies, since his state habeas petition is pending in the Supreme Court of Virginia.

### **B. Grounds Raised**

All of petitioner's claims address ineffective assistance of counsel.

### **II. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

At the outset, the Court finds that the allegations stated herein are amenable to resolution in the state habeas action, which is pending. In order to proceed with his claim under § 2254, petitioner must satisfy the statutory exhaustion requirements. Section 2254 provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

Until the Supreme Court has addressed the merits of petitioner's claims, petitioner has not satisfied the statutory requirements, and this Court cannot consider the merits of his claims at this juncture. See Clayton v. Smith, 404 U.S. 53, 54 (1971); Preiser v. Rodriquez, 411 U.S. 475, 489 (1993).

### **III. RECOMMENDATION**

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED without prejudice based on petitioner's failure to exhaust his state court remedies. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### **IV. REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 10 days from the date of mailing of this report to the objecting party computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

3

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                  **/s/**
                                              **James E. Bradberry**
                                              **United States Magistrate Judge**

**Norfolk, Virginia**

    **November 28**, 2005

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Lawrence Sheedy, #338203, <u>pro</u> <u>se</u>
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia  23870


Richard B. Smith, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, Virginia  23219


                Elizabeth H. Paret, Clerk


                By _____
                        Deputy Clerk

                _____, 2005